## 328

| | |
|---|---|
| Amanda Fortin<br>vs.<br>Philo V. Cady, Sheriff | Eq. No. 4595 |

RESCRIPT

April 23, 1919

SWEENEY, J.    Heard on demurrer to the bill.

The bill alleges that on November 11, 1918, Napoleon Fortin was arrested by the respondent as sheriff on a writ issued out of a District Court, wherein Eugene Caron was plaintiff. To secure the release from arrest of said Fortin, the complainant delivered to respondent sheriff a bank book and also the sum of $250 as consideration for a bond to secure the release from arrest of said Fortin.

The complainant did not endorse her name on the original writ, nor give a bail bond to the sheriff to secure the release from arrest of said Fortin. The writ was duly entered in the District Court and judgment was rendered in favor of the plaintiff and Fortin went to respondent and offered to surrender himself, but the respondent refused to accept him, stating that he did not have any execution against his body. The complainant then demanded the return of her bank book and money and the respondent refused to deliver to her said bank book and money. The complainant thereupon filed this bill in equity, praying that the respondent be ordered to deliver her bank book and money to her.

The respondent demurs to the bill on several grounds, the first of which is that the complainant has a complete and adequate remedy at law.

The complainant has a complete and adequate remedy at law to recover the $250 by bringing an action in assumpsit for money had and received, but she cannot recover in assumpsit the value of the bank book because it does not appear that it has been reduced to cash by the respondent.

Wilder vs. Aldrich, 2 R. I. 518.

Whipple vs. Stephens, 25 R. I. 563.

## 329

Neither can the complainant join a count sounding in tort for the conversion of the bank book with a count sounding in contract for the money....

Bull vs. Matthews, 20 R. I. 100.

The paying of the money and the delivery of the bank book were part of the same transaction and the complainant should not be required to bring two common law actions in order to recover the money and the bank book, because the law does not favor the splitting of causes of action and seeks to avoid a multiplicity of suits. Therefore, the Court is of the opinion that the complainant has not a full, complete and adequate remedy at law.

The complainant did not indorse her name on the original writ nor give a bail bond to the sheriff and is not liable to the plaintiff in the original action, and said plaintiff has no legal right to the money or the bank book in the hands of the respondent. If the plaintiff takes out an execution against the body of the defendant Caron and he is produced to the officer charged with the service of the execution, it is not clear how the respondent, Sheriff Cady, will be liable to said plaintiff. If the sheriff will not be liable to the plaintiff, then he will have no legal or equitable right to retain the money or bank book of the complainant, and of course must return the money and book to her.

The Court is of the opinion that the bill states a case against the respondent and all the grounds of demurrer are overruled.

For complainant: Archambault and Archambault.

For respondent: Wm. H. McSoley.